**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL J. FRANKLIN,

Defendant - Appellant.

No. 05-1174
(D. Ct. No. 03-CR-511-D)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Michael J. Franklin pleaded guilty to one count of fraudulently using a credit card to obtain things of value and aiding and abetting in violation of 18 U.S.C. § 1029(a)(5) and § 2. He was sentenced to eighteen months'

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

incarceration. Mr. Franklin filed a timely notice of appeal.

Mr. Franklin's attorney, David C. Japha, filed an *Anders* brief and moved to withdraw as counsel, arguing that Mr. Franklin has no non-frivolous arguments to raise on appeal. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Franklin filed a response to Mr. Japha's *Anders* brief. The Government declined to submit a brief. We exercise jurisdiction under 28 U.S.C. § 1291, GRANT Mr. Japha's motion to withdraw as counsel, and DISMISS Mr. Franklin's appeal.

## I. BACKGROUND

Mr. Franklin was charged in a seven-count superseding indictment in which six of the counts alleged fraud in connection with access devices and aiding and abetting in violation of 18 U.S.C. § 1029(a)(5) and § 2 and one count alleged mail theft and aiding and abetting in violation of 18 U.S.C. § 1708 and § 2. Mr. Japha filed a motion to appoint a psychiatrist to evaluate Mr. Franklin's competency to form the requisite mental state to commit the crimes alleged in the indictment and to evaluate his competency to stand trial. *See* 18 U.S.C. § 4241(a). The District Court granted the motion. The psychiatrist concluded that although Mr. Franklin was suffering from mental illness, he understood the charges against him and would be able to assist his attorney and participate in his defense. The psychiatrist also concluded that Mr. Franklin was capable of forming the requisite mental state to commit the crimes alleged in the indictment. Mr. Franklin stipulated to the psychiatrist's conclusions. Accordingly, the District Court

found that Mr. Franklin failed to show, by a preponderance of the evidence, that he was not competent to stand trial.

Subsequently, Mr. Franklin entered into a plea agreement in which he agreed to plead guilty to count one in exchange for the dismissal of the six remaining counts in the indictment, the Government's promise to recommend a departure for Mr. Franklin's timely acceptance of responsibility, *see* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3E1.1, and the Government's recommendation that Mr. Franklin be sentenced at the bottom of the applicable guidelines range unless the Court granted a downward departure in addition to the acceptance of responsibility departure, *see* Fed. R. Crim. P. 11(c)(1)(B).

At Mr. Franklin's change of plea hearing he was advised of the possible penalties he faced for the offense to which he was pleading, as well as his rights to counsel, to a jury trial, to the presumption of innocence, to confront witnesses against him, to compulsory process, to proof beyond a reasonable doubt, and to be free from compelled self-incrimination. The District Court also explained that by accepting Mr. Franklin's plea, any appeal would be "limited to whether the Court imposed a lawful sentence." Mr. Franklin responded that he understood all his rights and the potential consequences of pleading guilty.

As a factual basis for the plea, the Government proffered that the evidence would show that between November 2002 and February 2003, Mr. Franklin and his wife stole pieces of mail that contained credit cards issued in the names of other individuals. They

then used the credit cards, without the permission of their owners, to charge over $30,000 worth of merchandise. With respect to count one, the count to which Mr. Franklin agreed to plead guilty, the Government proffered that the evidence would show that Mr. Franklin and his wife stole a National Citibank VISA card from Kristine Vaughn's mailbox and used it to charge over $4,300 worth of merchandise. After a thorough plea colloquy, in which the District Court confirmed that Mr. Franklin was entering the plea voluntarily and not in response to any "force, threats, or promises (other than promises in the plea agreement)," *see* Fed. R. Crim. P. 11(b)(2), the court entered Mr. Franklin's guilty plea.

The probation office prepared a presentence report ("PSR"), which, after including a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), calculated Mr. Franklin's adjusted offense level to be 12. It also calculated his criminal history category to be IV based on prior convictions for driving while intoxicated, injury to a child, and false reporting to authorities, and because Mr. Franklin committed the instant offense while on probation. *See* U.S.S.G. § 4A1.1(d). This resulted in a sentencing range of 21 to 27 months' imprisonment and a $3,000 to $30,000 fine.

Neither the Government nor Mr. Franklin filed any written objections to the PSR. At sentencing, however, Mr. Franklin raised two motions for downward departure. First, he argued that his criminal history category substantially overrepresents the seriousness of his criminal history and his propensity to commit future crimes. *See* U.S.S.G. § 4A1.3(b)(1). To this end, he suggested that he was convicted of the previous crimes

when he was not taking medication to alleviate his mental impairments and that when he is not on the medication, he behaves in erratic and criminal ways. The District Court agreed with the Government that a departure was not warranted on this basis because nothing will keep Mr. Franklin from discontinuing his medication in the future, and that in any event, his criminal history category did not overrepresent the seriousness of his prior crimes.

Second, Mr. Franklin argued that he played only a minor role in the crime. *See* U.S.S.G. § 3B1.2(b). Specifically, he contended that he was manipulated by his wife to commit the credit card fraud and therefore a downward departure was warranted. The District Court disagreed, finding that Mr. Franklin and his wife were equally culpable in the scheme.

Nevertheless, the District Court, applying the 18 U.S.C. § 3553(a) sentencing factors, determined that a sentence below the applicable guidelines range was reasonable in this case and sentenced Mr. Franklin to 18 months' imprisonment. He was also ordered to pay $23,834.71 in accordance with the plea agreement.

In his *Anders* brief, Mr. Japha contends that Mr. Franklin has only frivolous claims on appeal because there is no viable challenge to Mr. Franklin's guilty plea, Mr. Franklin has waived his right to appeal any issue other than the District Court's imposition of an unlawful sentence, and the District Court's sentence was reasonable. In his letter to the court in response to Mr. Japha's *Anders* brief, Mr. Franklin contends that he was mentally

deficient at the time he entered into the plea agreement and alleges that his counsel was complicit in a conspiracy to secure a guilty plea.

## II. DISCUSSION

Although it is counsel's duty to act as an advocate for his client and an officer of the court, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744. Accordingly,

> [u]nder *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). After fully examining the record, Mr. Japha's *Anders* brief, and Mr. Franklin's response, we conclude that there are no non-frivolous issues upon which Mr. Franklin may base his appeal.

Addressing the issue of Mr. Franklin's plea agreement we find that Mr. Franklin knowingly and voluntarily waived his right to appeal all matters except an unlawfully imposed sentence. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (a waiver of appellate rights contained in a plea agreement is binding so long as the scope of the waiver covers the present appeal, the waiver was knowing and voluntary, and

enforcement of the waiver would not result in a miscarriage of justice). Although the District Court, after informing Mr. Franklin of his trial rights, did not explicitly remind him that he would be waving those rights by entering a guilty plea, *see* Fed. R. Crim. P. 11(b)(1)(F), the District Court did explain that Mr. Franklin had a right not to plead guilty and to go to trial; it further explained all the rights to which Mr. Franklin would be entitled if he were to go to trial; and it also asked whether Mr. Franklin understood that if the court accepts his plea, "there will not be a trial of any kind." Mr. Franklin responded that he understood. There is no "reasonable probability that, but for the error, he would not have entered the plea," and as such, Mr. Franklin's substantial rights were not affected by the omission. *See United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). Accordingly, Mr. Franklin is not entitled to a reversal of his conviction. *See id.* at 80 (when a Rule 11 issue is unpreserved, defendant is not entitled to reversal of conviction unless he demonstrates plain error).

Nevertheless, Mr. Franklin suggests in his letter to the Court that his capability to understand the plea agreement was impaired because he was under the influence of Haldol, an anti-psychotic medication. Competency is a factual finding set aside only for clear error. *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. Verduzco-Martinez*, 186 F.3d 1208, 1211

(10th Cir.1999)). In support of this claim, Mr. Franklin states that he was not taking Haldol when the court-ordered psychiatrist deemed him competent but that he was under the influence of the medication at the time he entered the plea. Mr. Franklin's statements in his letter, however, are belied by his psychiatric report, which reveals that he was in fact taking Haldol at the time of his examination. Furthermore, Mr. Franklin's suggestion that his medication diminished his mental status to the point that he was incompetent is contradicted by his own statements in court, where he said that his medication "makes [him] think and behave rationally" and that because of his medication he "can now function in everyday life." As such, the District Court did not commit clear error in finding that Mr. Franklin was competent.

In sum, the record reveals that any argument counsel could make as to whether Mr. Franklin knowingly and voluntarily entered into a plea agreement that contained a waiver of appellate rights, except the right to appeal an unlawful sentence, would be frivolous. *See Hahn*, 359 F.3d at 1325. Similarly, there are no non-frivolous arguments that enforcement of the plea agreement in this case would result in a fundamental miscarriage of justice. *Id.*

Next we must address Mr. Franklin's sentence, as this is the only claim as to which Mr. Franklin did not waive his right to appeal. After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 262 (2005), we review for reasonableness the ultimate sentence imposed. We find that Mr. Franklin's sentence was indeed reasonable.

At sentencing, Mr. Franklin did not object to the PSR but argued that the District Court should have departed downward because he played a minor role in the commission of the crime and because his criminal history category overstates the seriousness of his criminal history and his propensity to commit future crimes. The District Court explained why it declined to depart downward on these bases. Nonetheless, the court, taking into account the sentencing factors in 18 U.S.C. § 3553(a), found that a sentence below the applicable guidelines range of 21–27 months' imprisonment was appropriate in this case. It ultimately sentenced Mr. Franklin to eighteen months' incarceration. Its decision was both "reasoned and reasonable." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) (stating that a sentence's reasonableness depends on both the length of the sentence and the method by which the sentence is calculated).

Finally, to the extent Mr. Franklin suggests that he received ineffective assistance of counsel because his attorney engaged in a conspiracy with the Government to forcefully medicate him in order to coerce him to plead guilty, such claim must be raised on collateral review, not on direct appeal. *See Calderon*, 428 F.3d at 931 (stating that ineffective assistance of counsel claims are "presumptively dismissible, and virtually all will be dismissed" when raised on direct appeal).

### III. CONCLUSION

We have carefully reviewed the record and Mr. Franklin's arguments and have identified no non-frivolous basis for an appeal. We therefore GRANT Mr. Franklin's

counsel's request to withdraw and we DISMISS this appeal.  Appellant's motion for appointment of counsel is DENIED.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge